IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,

    v.

$7,233.17 U.S. Currency,
Assorted Coins,
Twenty-seven Pieces of Assorted Jewelry,
and Six Autographed Baseballs,

      Defendants *in Rem*.

No. 3:26-CV-

## VERIFIED COMPLAINT FOR FORFEITURE *IN REM*

Pursuant to Supplemental Rule G(2) of the Federal Rules of Civil Procedure, the United States of America alleges this *in rem* complaint for forfeiture against $7,233.17 U.S. Currency, Assorted Coins, Twenty-seven Pieces of Assorted Jewelry, and Six Autographed Baseballs ("Defendant Property"):

## NATURE OF THE ACTION

1. This is a forfeiture action under 21 U.S.C. § 881(a)(6) and 18 U.S.C. § 981(a)(1)(C). The United States seeks the forfeiture of the Defendant Property under 21 U.S.C. § 881(a)(6) because it is property furnished by any person in exchange for a controlled substance, proceeds traceable to such an exchange, and/or property intended to facilitate such an exchange in violation of 21 U.S.C. §§ 841(a) and/or 846. The $7,233.17 U.S. Currency of the Defendant Property also is subject to forfeiture under 18 U.S.C. § 981(a)(1)(C) because it is property that constitutes or is derived from proceeds traceable to

Page **1** of **12**

a violation of 18 U.S.C. § 1952, a specified unlawful activity as defined in 18 U.S.C. §§ 1956(c)(7) and 1961(1).

## JURISDICTION AND VENUE

2.      This Court has subject matter jurisdiction over this matter under 28 U.S.C. §§ 1345 and 1355(a), and *in rem* jurisdiction is proper under 28 U.S.C. § 1355(b).

3.      Venue in this Court is proper under 28 U.S.C. §§ 1355(b)(1)(A) and 1391(b) because acts or omissions giving rise to the forfeiture occurred in the Northern District of Texas and a substantial part of the events giving rise to the forfeiture occurred in the Northern District of Texas.

## PARTIES

4.      The Plaintiff is the United States of America.

5.      The Defendant Property is $7,233.17 U.S. Currency (asset ID no. 23-DEA-702593), Assorted Coins (asset ID no. 23-DEA-702556), Twenty-seven Pieces of Assorted Jewelry (asset ID no. 23-DEA-702557), and Six Autographed Baseballs (asset ID no. 23-DEA-702558).  The $7,233.17 U.S. Currency of the Defendant Property was seized from Andrew Stace Broder at the DFW Airport on April 15, 2023.  The remainder of the Defendant Property was seized from Andrew Stace Broder's residence in Dallas, Texas, on April 13, 2023.  The Defendant Property was transferred to the custody of the U.S. Drug Enforcement Administration ("DEA") and then subsequently transferred to the custody of the U.S. Marshals Service, and the $7,233.17 U.S. Currency of the Defendant Property was deposited into an account with Loomis Bank in Dallas, Texas, on May 4, 2023.

6.      Andrew Stace Broder, by and through his attorney Bret Schmidt, filed a claim to the Defendant Property in the DEA's administrative forfeiture proceeding against the Defendant Property on April 7, 2026.

## FACTS

7.      One of the primary responsibilities of law enforcement officers of the DEA is to enforce the federal controlled substances laws and to investigate the violation of those laws.  These enforcement and investigation activities focus on drug trafficking crimes, including the transportation and sale of illegal narcotics and the transfer of proceeds of such narcotics.

8.      Law enforcement officers with the DEA are specially trained and learn by experience how to identify drug trafficking activities, to conduct narcotics interdictions, and to identify controlled substances.

9.      As early as July 2022, DEA agents and officers were investigating a drug trafficking organization engaged in distributing methamphetamine and fentanyl in the Dallas, Texas area.

10.      Andrew Stace Broder ("Broder") was identified by law enforcement officers as one of the individuals involved in the drug trafficking.

11.      On July 5, 2022, DEA officers intercepted phone calls of individuals discussing drug trafficking activities, including phone calls involving Broder.

12.      Following additional investigation, on April 4, 2023, law enforcement officers obtained a federal arrest warrant for Broder.

13. During the investigation, DEA officers and agents learned that Broder lived in a condominium at the Athena Condominiums in Dallas, Texas.

14. Officers and agents verified that Broder lived in the condominium at the Athena Condominiums, and condominium staff confirmed that they recently had seen Broder at the condominium.

15. On April 13, 2023, law enforcement officers and agents went to Broder's condominium to execute the arrest warrant.

16. Agents knocked on the door of Broder's condominium and received no answer.

17. Agents then forced entry into the condominium.

18. As the agents and officers cleared the residence looking for Broder, they observed in plain view on the kitchen counter a small plastic bag containing a white powdery substance consistent with cocaine.

19. As they continued to search for Broder, agents observed on the floor of the primary bedroom closet a clear container containing a brown substance consistent with heroin.

20. While searching for Broder throughout his condominium, the agents and officers located and seized thirty-one firearms, heroin, fentanyl pills, methamphetamine, currency, casino chips, and the following Defendant Property: Assorted Coins, Twenty-seven Pieces of Assorted Jewelry, and Six Autographed Baseballs.

21. The agents and officers did not locate Broder at his condominium.

22.    Photographs of some of the controlled substances found at Broder's condominium are depicted here:







23.     Through further investigation, officers learned that Broder would be traveling from Las Vegas, Nevada back to Dallas, Texas through DFW Airport on April 15, 2023.

24.     Pursuant to arrest warrants, Broder was arrested at DFW Airport on April 15, 2023, when he exited the airplane.

25.     At the time of his arrest at DFW Airport, Broder had with him the $7,233.17 U.S. Currency of the Defendant Property as well as more than 600 pills containing fentanyl and numerous other pills of controlled substances.

26.     The $7,233.17 U.S. Currency of the Defendant Property was seized from Broder as drug proceeds.

27.     On April 14, 2023, the day before Broder flew from Las Vegas to Dallas, Broder mailed a package to himself from Las Vegas to his Dallas condominium.

28.     Pursuant to a warrant, on April 18, 2023, law enforcement officers seized and searched the package Broder mailed to himself, and they found more than 3,200 pills containing fentanyl.

29.     Photographs of the mailed package and the fentanyl pills are depicted here:





30.     Broder had no employment and had no legitimate source of income.

31.     Broder's income was derived from the sale of illegal narcotics.

32.     In April 2023, Broder was criminally charged in a federal superseding indictment in the Northern District of Texas (case number 3:22-cr-287-N).

33.     Broder was charged with violating 21 U.S.C. § 841 and 18 U.S.C. § 2, possession with intent to distribute a controlled substance and aiding and abetting.

34.     In that criminal case, Broder pled guilty to violating 21 U.S.C. § 841 and 18 U.S.C. § 2.

**FIRST CAUSE OF ACTION**
**21 U.S.C. § 881(a)(6)**
**(forfeiture of property related to drug trafficking)**

35.     The United States of America reasserts all allegations previously made.

36.     Under 21 U.S.C. § 881(a)(6), "moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of this subchapter, all proceeds traceable to such an exchange, and all moneys, negotiable instruments, and securities used or intended to be used to facilitate any violation of" 21 U.S.C. § 801 *et seq.* are subject to forfeiture.

37.     Under 21 U.S.C. § 841(a), it is "unlawful for any person knowingly or intentionally . . . to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance."  An attempt or conspiracy to do the same also is prohibited by 21 U.S.C. § 846.

38.     As set forth above, the Defendant Property is property furnished by any person in exchange for a controlled substance, proceeds traceable to such an exchange, and/or property intended to facilitate such an exchange in violation of 21 U.S.C. §§ 841(a) and/or 846.  The Defendant Property is therefore subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6).

## SECOND CAUSE OF ACTION
### 18 U.S.C. § 981(a)(1)(C)
**(forfeiture related to violation of the Travel Act)**

39.     The United States of America reasserts all allegations previously made.

40.     Under 18 U.S.C. § 981(a)(1)(C), any property that constitutes or is derived from proceeds traceable to an offense constituting a "specified unlawful activity," or a conspiracy to commit such offense, is subject to forfeiture to the United States of America.

41.     Under 18 U.S.C. §§ 1956(c)(7)(A) and 1961(1), interstate travel or transportation in aid of racketeering enterprises in violation of 18 U.S.C. § 1952 is a "specified unlawful activity."

42.     18 U.S.C. § 1952(a) prohibits, among other things, any individual who uses "any facility in interstate or foreign commerce, with intent to–"

> (1) distribute the proceeds of any unlawful activity; or
>
> . . .
>
> (3) otherwise promote, manage, establish, carry on, or facilitate the promotion, management, establishment, or carrying on, of any unlawful activity

Page **9** of **12**

from thereafter performing or attempting to perform an act described in subparagraph (1) or (3) above.

43.    18 U.S.C. § 1952(b) specifically includes within the definition of "unlawful activity" "any business enterprise involving . . . narcotics or controlled substances (as defined in section 102(6) of the Controlled Substances Act)."

44.    As set forth above, the $7,233.17 U.S. Currency of the Defendant Property is property that constitutes or is derived from proceeds traceable to a violation of 18 U.S.C. § 1952.  The $7,233.17 U.S. Currency of the Defendant Property is therefore subject to forfeiture pursuant to 18 U.S.C. § 981(a)(l)(C).

<u>**REQUEST FOR RELIEF**</u>

WHEREFORE, the United States of America respectfully asserts that the Defendant Property is forfeitable to the United States of America under 21 U.S.C. § 881(a)(6) and 18 U.S.C. § 981(a)(1)(C).

The United States of America further requests:

A.    That, pursuant to the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, Rule G(3)(b), the Clerk of the Court issue a Summons and Warrant of Arrest *in Rem* as to the Defendant Property;

B.    That Notice of this action be given to all persons known or thought to have an interest in or right against the Defendant Property;

Page **10** of **12**

C.      That a Judgment of Forfeiture be decreed against the Defendant

Property;

D.      That, upon the issuance of a Judgment of Forfeiture, the United States

Marshals Service or its delegate be able to dispose of the Defendant

Property according to law; and

E.      That the United States of America receives its costs of court and all

further relief to which it is entitled.

DATED this 1st day of July 2026.

Respectfully submitted,

RYAN RAYBOULD
UNITED STATES ATTORNEY

*/s/ John Penn*
JOHN PENN
Assistant United States Attorney
Indiana Bar No. 28722-29
1100 Commerce Street, Suite 300
Dallas, Texas 75242
Telephone: 214-659-8600
Facsimile: 214-659-8805
Email: john.penn@usdoj.gov
ATTORNEY FOR PLAINTIFF

## VERIFICATION

I am a Task Force Officer with the Drug Enforcement Administration ("DEA").  As a Task Force Officer with DEA, my duties and responsibilities include participating in the investigation and prosecution of persons who violate federal laws.

I have read the contents of the foregoing Verified Complaint for Forfeiture *In Rem* and verify under penalty of perjury pursuant to 28 U.S.C. § 1746 that the factual statements contained therein are true and correct to the best of my knowledge and belief.

Executed this 1st day of July 2026.

Task Force Officer Christopher A. Hight
Drug Enforcement Administration